**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NONPAREIL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>REDDY RAW, INC., et al.,<br><br>Defendants. | Civil Action No.: 08-2091 (JLL)<br><br>**ORDER** |

Currently before this Court is a motion filed by Plaintiff Nonpareil Corporation

("Nonpareil") on October 5, 2010 to dismiss the sixth counterclaim made in Defendant Reddy

Raw, Inc.'s Amended Answer and Affirmative Defenses and Counterclaims (the "Sixth

Counterclaim") for failure to state a claim upon which relief can be granted under Federal Rule

of Civil Procedure 12(b)(6).  The Court has considered the submissions of both parties and

deciding the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil

Procedure the Court finds that:

1.  The Sixth Counterclaim alleges three different instances of fraud on the United
States Patent and Trademark Office (PTO) committed by Plaintiff.  Defendant
alleges fraud based on:

    a.  Declarations made to the PTO in 1994 and 2001 by Nonpareil's President,
Christopher Abend, in connection with the registration of three marks,
Nos. 1,911,606, 2,731,181, and 2,034,135, stating that no other entity had
the right to use such marks in commerce (the "Abend Declaration");[1]

---

[1] Plaintiff filed its motion to dismiss the allegations regarding the Abend Declaration after
having already filed a responsive pleading to Defendant's original Answer.  However, because

b.  Declarations made to the PTO on August 19, 2008 by Nonpareil's Director of Marketing, Robert Weis, in connection with an incontestability status application for the NONPAREIL & Circle Design mark, No. 2,731,181, stating that no court proceeding involving Plaintiff's rights in said mark was currently ongoing (the "Weis Declaration"); and

c.  A request submitted to the PTO on December 28, 2009 to amend the application containing the Weis Declaration by withdrawing the assertions regarding the existence of ongoing proceedings involving the NONPAREIL & Circle Design mark (the "Amendment to the Weis Declaration").

2.  To state a claim for fraud, Defendant must plead "with particularity," Fed. R. Civ. P. 9(b), that (1) Plaintiff made a false representation of material fact to the PTO; (2) Plaintiff had actual knowledge or belief that the representation was false; (3) Plaintiff had intent to induce the PTO to rely on such representation; (4) the PTO actually relied on such representation; and (5) damages resulted from the PTO's reliance. Marshak v. Treadwell, 58 F. Supp. 2d 551, 566 (D.N.J. 1999), aff'd, 240 F.3d 184, 196 (3d Cir.1999). Plaintiff must act with a "willful intent to deceive" the PTO. Id.; see In re Bose Corp., 580 F.3d 1240, 1246 (Fed. Cir. 2009).

3.  With respect to both the Abend Declaration and the Weis Declaration, the Sixth Counterclaim alleges and provides particular facts to support a conclusion that Plaintiff knowingly made specific false statements to the PTO and that Plaintiff intended to induce the PTO to rely and the PTO did rely on such statements, resulting in the improper registration of the marks. Defendant further alleges that Plaintiff made these declarations with an "intent to mislead" the PTO. (Sixth Counterclaim ¶ 52, 66.) Defendant's counterclaims regarding the Abend and Weis Declarations therefore sufficiently state a claim of fraud under Rules 9(b) and 12(b)(6).

4.  With respect to the Amendment to the Weis Declaration, Defendant fails to allege that Plaintiff acted with intent to deceive to the PTO in requesting such an amendment. Defendant's allegations regarding the Amendment to the Weis Declarations therefore fail to state a claim of fraud under Rules 9(b) and 12(b)(6).

Accordingly, it is on this $9\text{th}$ day of December, 2010,

**ORDERED** that Plaintiff's motion to dismiss Defendant's counterclaim regarding the

---

Defendant's Amended Answer added seven new paragraphs regarding the Abend Declaration and substantially altered the allegations made therein, the Court deems Plaintiff's motion timely.

Abend Declaration is DENIED; and it is further

      **ORDERED** that Plaintiff's motion to dismiss Defendant's counterclaim regarding the Weis Declaration is DENIED; and it is further

      **ORDERED** that Plaintiff's motion to dismiss Defendant's counterclaim regarding the Amendment to the Weis Declaration is GRANTED.  Defendant's counterclaim regarding the Amendment to Weis Declaration is DISMISSED without prejudice to amend the counterclaim within thirty (30) days of entry of this Order to cure the deficiencies identified herein.

      **IT IS SO ORDERED.**

                                        JOSE L. LINARES
                                        UNITED STATES DISTRICT JUDGE